## DEITCH et al. v. PARAMOUNT PICTURES, Inc.; et al.

### Civ. A. No. 7542.

United States District Court
D. Massachusetts.

Feb. 15, 1949.

Samuel Markell and Goulston & Storrs, all of Boston, Mass., for plaintiffs.

Nutter, McClennen & Fish, Arthur E. Whittemore and Robert W. Meserve, all of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

There is before me a motion to dismiss the complaint "for failure to state a claim upon which relief can be granted". The bill of complaint seems to refer to two distinct claims. The main claim is that the defendants are failing to live up to an arbitration award, which will hereinafter be more explicitly referred to, and the minor claim refers to a conspiracy to unlawfully discriminate against the plaintiffs.

Since 1940 the plaintiffs have been engaged in exhibiting motion pictures at the Weymouth Theatre in Weymouth, Massachusetts. During that time it was always operated as a first-run theatre and had a definite clearance over the Cameo Theatre which was also located in Weymouth.

In an action filed in the Southern District of New York, a decree was entered on November 20, 1940, which, among other things, provided for the settlement of controversies between exhibitors and distributors by arbitration.

On October 16, 1945, the Cameo Theatre filed a demand for arbitration with respect to the clearance that the plaintiffs' theatre should have over the Cameo. On May 8, 1946, the appellate tribunal made an award as follows:

"The maximum clearance over the Cameo theatre in South Weymouth, Massachusetts, which may be granted to the Weymouth theatre in Weymouth, Massachusetts, in licenses hereafter entered into by the five distributors above named shall be seven days."

The plaintiffs contend that this is an award in their favor which entitled them to receive from these defendants first-run pictures and a clearance of seven days over Cameo. After this award was made the plaintiffs continued to receive first-run pictures with a seven day clearance over Cameo until sometime in April 1948 when

the defendants notified plaintiffs that, henceforth, they would sell pictures to the plaintiffs only upon such terms as the defendants saw fit to assent to, and that first-runs and clearance over the Cameo Theatre were to be abolished. Clearly the award of May 8, 1946, conveyed nothing to the Weymouth Theatre; it rather construed the amount of clearance which it could have over Cameo. In fact, the decree establishing the arbitration procedure contains the following provision:

"Except as otherwise expressly and specifically provided in the decree, nothing therein shall be construed to limit the right of any distributor to select its own customers, bargain with them in accordance with law, or negotiate with or license to or accept any offer from any exhibitor to license its motion pictures or any number thereof, upon such terms and conditions as it deems advisable or to its best interests." United States v. Paramount Pictures, Inc., et al., D.C., 66 F.Supp. 323, 332.

All that these defendants have done is to refuse to continue a practice in which they had voluntarily engaged for a period of years. This they have a right to do. Plaintiffs argue that, because of the long established custom on which these plaintiffs had relied, the defendants are estopped to discontinue the custom. The defendants were in nowise bound to furnish pictures to the plaintiffs or to do business with them at all. This disposes of the major claim contained in the declaration.

The eleventh paragraph of the declaration contains an allegation of conspiracy to unlawfully discriminate against the plaintiffs by abolishing the priority and clearance granted to the plaintiffs and by failing and refusing to comply with the award of the arbitration tribunal. This plainly does not set out a cause of action. If the paragraph is intended to charge a violation of the antitrust laws then it will have to do so much more specifically.

The motion to dismiss is allowed.